(No. 4265-)

Roscoe A. Hopkins, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 13, 1950.*

Stone and Fowler, and Omer W. Jones, Jr., Attorneys for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Schuman, C. J.

The claimant, Roscoe A. Hopkins, was on February 4, 1949, employed by the respondent as a guard at the Illinois State Penitentiary, Menard, Illinois. On February 4, 1949, while sorting hogs on the farm of the respondent at Menard, the claimant slipped and fell on

ice covered ground. As a result of this fall, the claimant fractured his left wrist.

The claim was filed within the time provided by law and notice of the injury was immediate. The only question raised by the respondent was whether or not the accidental injury arose out of and in the course of the employment of the claimant.

The evidence discloses that the accidental injury did arise out of the course of employment of the claimant, so there are no jurisdictional questions to be considered by the court.

The evidence further showed claimant's yearly wage, preceding the accident, was $2,580.00.

Respondent furnished all medical and hospital services.

The evidence discloses that it was necessary to operate on the left arm of claimant after it was set by Dr. Carris. The operation was performed by Dr. James A. Weatherly at St. Andrew's Hospital, Murphysboro, Illinois. The X-Rays showed a fracture of the left radius of the distal end in the wrist. Claimant sustained permanent partial disability to the left hand as a result of the injury, and the estimate was fixed at about 50%. This conclusion being drawn from the testimony of Dr. Weatherly, and the examination by the Commissioner.

Dr. Weatherly testified that the condition found, with reference to the disability mentioned, would be permanent.

The claimant, although off some time, was paid full salary, and there was no claim made for temporary total disability.

The testimony at the hearing was taken and transcribed by Imogene Ward Steph, and she has submitted

a statement for $54.93, which the Court finds to be reasonable.

On the basis of the record, we make the following award:

For 50 per cent permanent partial specific loss of the use of the left hand for a period of 85 weeks at $19.50 per week or a total of $1,657.50. Claimant was overpaid for non-productive time the sum of $480.92, which deducted from the award leaves a balance of $1,176.58, all of which is accrued and is payable forthwith.

An award is entered in favor of Imogene Ward Steph for stenographic services in the amount of $54.93, which is payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."